IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**BERNARD JONES**                                                                                                 **PLAINTIFF**

v.                       Civil No. 4:14-cv-04092-SOH-BAB

**CHRISTIAN D. WILLIAMS,**                                          **DEFENDANTS**
**ASHLEY VALES,**
**ARKANSAS PAROLE BOARD, and**
**GREG HARPER**

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff **BERNARD JONES** filed this case *pro se* pursuant to 42 U.S.C. § 1983 on July 16, 2014. ECF No. 1. He was allowed to amend his complaint on April 16, 2015. ECF No. 14. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff was allowed to proceed *in forma pauperis*, however, the issue of service was reserved until the Court could properly screen his claims. ECF. No. 3.

1.      **BACKGROUND**

Plaintiff is currently an inmate in the Arkansas Department of Corrections (ADC). He alleges in his Amended Complaint (ECF No. 15) the following facts: First, he claims Defendant Christian D. Williams, a state parole officer, filed a petition to revoke his state parole on March

31, 2014.  The filing of this revocation petition caused a warrant to be issued for his arrest.  He asserts the revocation petition and warrant were issued before he was convicted of any crime.  He further asserts, Defendant Williams, allowed another parolee to participate in an undercover law enforcement investigation, which resulted in Plaintiff selling crack cocaine to an undercover officer or informant.  This drug transaction was apparently recorded electronically in some way and was used as the basis of the revocation petition.

Plaintiff next alleges Defendant Ashley Vales, a state parole officer, conducted a parole revocation hearing on April 29, 2014, which used the evidence described above.  Plaintiff's parole was revoked at the conclusion of this hearing.  This happened prior to Plaintiff being convicted for the drug transaction itself.

Plaintiff alleges Defendant Greg Harper, a state law enforcement officer, executed the warrant issued as a result of the revocation petition and further testified against Plaintiff at the April 29, 2014, parole hearing.  He claims the arrest was without probable cause and the warrant was invalid.

Finally, he alleges the Arkansas Parole Board failed to properly supervise both Defendant Williams and Defendant Vales.

Essentially, Plaintiff claims the parole revocation proceeding violated his substantive due process and procedural due process rights, the arrest was in violation of the Fourth Amendment, and he was falsely imprisoned without being convicted of a crime.  He requests compensatory and punitive damages.

2. **APPLICABLE LAW**

Pursuant to the screening provisions of the PLRA, the Court must determine whether the

...

causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

**3.    DISCUSSION**

Plaintiff's claims challenge his incarceration. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486–87.

Plaintiff specifically seeks damages as a result of his parole revocation and incarceration. He did not make any allegations that his parole revocation and incarceration have been overturned. A section 1983 claim that would necessarily imply the invalidity of his confinement is premature if the confinement is not first called into question by the appropriate state or federal remedy. *Id.*; *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (the plaintiff's section 1983 claim for denial of parole was dismissed because the plaintiff did not first challenge his continued confinement through the appropriate state or federal remedies). Thus, Plaintiff's claims are not

3

cognizable claims under section 1983.

Moreover, while Plaintiff does not specifically request the Court reverse his parole revocation and release him from custody, even if I imply from his Amended Complaint, this request for relief it is unavailable. A plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).

To challenge his state conviction or sentence in federal court, plaintiff must petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). Before seeking federal habeas relief, plaintiff must exhaust all adequate and available state court remedies. *See* 28 U.S.C. § 2254(b)(c); *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Powell v. Wyrick*, 657 F.2d 222 (8th Cir.1981). The state courts must have an opportunity to review the merits of plaintiff's contentions and must be given primary responsibility in their own criminal cases. Plaintiff has not done so here. If Plaintiff is able to invalidate his parole revocation, he may refile his §1983 claims.

**4.    CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Amended Complaint (ECF No. 8) be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii), 1915A(a) and *Heck v. Humphrey,* 512 U.S. 477 (1994). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). Therefore, I recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen(14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **17th day of April 2015.**

        /s/ Barry A. Bryant
        HON. BARRY A. BRYANT
        U. S. MAGISTRATE JUDGE