IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BERNARD JONES     PLAINTIFF

V.     CASE NO. 14-CV-4092

CHRISTIAN D. WILLIAMS; *et al.*     DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed April 17, 2015, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 16. Judge Bryant recommends that Plaintiff's Amended Complaint be dismissed without prejudice. Plaintiff has responded with timely objections. ECF No. 17. The Court finds the matter ripe for consideration.

Plaintiff claims that a parole revocation proceeding in state court violated his substantive due process and procedural due process rights, that his arrest was in violation of the Fourth Amendment, and that he was falsely imprisoned without being convicted of a crime. Essentially, Plaintiff is challenging his incarceration and seeks damages as a result of his parole revocation and incarceration. The Court agrees with Judge Bryant's determination that Plaintiff's claims are not cognizable claims under 42 U.S.C. § 1983, because Plaintiff does not allege that his parole revocation and incarceration have been overturned. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (To recover damages under § 1983 for alleged unconstitutional confinement, a plaintiff must prove that the sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.).

In his objections to the Report and Recommendation, Plaintiff cites to the Fourth, Fifth, Eighth, and Fourteenth Amendments to support his claims for alleged constitutional violations. ECF No. 17. As stated earlier, however, these claims regarding unconstitutional confinement are not cognizable claims under 42 U.S.C. § 1983.[1] To challenge his state conviction or sentence in federal court, Plaintiff must petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). Before seeking federal habeas relief, Plaintiff must exhaust all adequate and available state court remedies. *See* 28 U.S.C. § 2254(b).

For the reasons stated above, based on its own de novo review, the Court overrules Defendant's objections and adopts the Report and Recommendation *in toto*. ECF No. 16. Plaintiff's Amended Complaint (ECF No. 8) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(I-iii), 1915(a), and *Heck v. Humphrey*, 512 U.S. 477 (1994). The dismissal constitutes a "strike" under 28 U.S.C. § 1915(g), and the Clerk is directed to place a § 1915(g) strike flag on the case.

**IT IS SO ORDERED**, this 27th day of May, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[1] If Plaintiff is able to invalidate his parole revocation, he may refile his § 1983 claims.